# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| COREY L. YATES, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| v. | ) | CAUSE NO. 3:15-CV-54-TLS |
| SUPERINTENDENT, | ) |  |
| Respondent. | ) |  |

## OPINION AND ORDER

Corey L. Yates, a pro se prisoner, filed a document captioned, "Petition for the Plaintiff/Petitioner to be (Immediately) Transported to the State Mental Hospital in Richmond, Indiana, to Receive (Permanent) Psychiatric/Psychological Treatment" [ECF No. 1] in which he asks the court to "deem his convictions (unlawful and void) and subsequently issue a (mandate) for the Allen Superior Court to Cause the petitioner (to appear) for a (Judgment Hearing) and to be subsequently transported to the State Mental Hospital in Richmond, Indiana." (ECF No. 1, at 5.)

This is Yates' sixth attempt to obtain habeas corpus relief to overturn his 2004 convictions for murder and unlawful possession of a firearm as an habitual offender by the Allen Superior Court under cause number 02D04-0306-MR-3. His first attempt was denied with prejudice in *Yates v. Knight*, 1:07-CV-985, 2007 WL 4150216 (S.D. Ind. Nov. 19, 2007). As he was previously told,

> Prisoners cannot avoid the AEDPA's rules by inventive captioning. . . . Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls.

*Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004). Here, the substance of his request is still to overturn his conviction.

However, this court lacks jurisdiction to hear an unauthorized successive habeas corpus petition. *Burton v. Stewart*, 549 U.S. 147, 157 (2007). "A district court *must* dismiss a second or successive petition . . . unless the court of appeals has given approval for its filing." *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996) (emphasis in original). This is not news to Yates. He was so informed in:

> *Yates v. Wilson*, 1:10-CV-1708 (S.D. Ind. order dated January 4, 2011);
> *Yates v. Levenhagen*, 1:11-CV-56 (S.D. Ind. order dated January 18, 2011);
> *Yates v. Levenhagen*, 1:11-CV-834 (S.D. Ind. order dated June 23, 2011);
> *Yates v. Superintendent*, 1:11-CV-277 (N.D. Ind. order dated November 21, 2011); and
> *Yates v. Superintendent*, 3:13-CV-319 (N.D. Ind. order dated April 23, 2013).

Nevertheless, Yates has again filed a petition seeking habeas corpus relief without having first obtained authorization from the Seventh Circuit.

Yates' continued filing of unauthorized successive habeas corpus petitions is an abuse of the judicial process and a waste of judicial resources. These filings are frivolous. The legal basis for dismissing his petitions has been explained to him over and over. He has been repeatedly told that he cannot file a successive habeas corpus petition unless he has obtained authorization by the Seventh Circuit. He has been "cautioned that his failure to comply with this procedure in the future may subject him to sanctions, including monetary sanctions and/or filing restrictions." *Yates v. Superintendent*, 3:13-CV-319, at *2 (N.D. Ind. April 23, 2013). Nevertheless, he has ignored those admonitions. Therefore, he will be sanctioned. The method for imposing such a

sanction in the context of a habeas corpus case brought pursuant to 28 U.S.C. § 2254 was explained by the Seventh Circuit in *Montgomery v. Davis*, 362 F.3d 956 (7th Cir. 2004).

> Accordingly, Montgomery and Sumbry are fined $500 each and, . . . [b]ecause both Montgomery and Sumbry have received federal habeas corpus review of their current convictions, they are effectively barred from filing any civil action in the district courts until they settle their debts to the federal judicial system. . . . Finally, because this court disapproves of perpetual orders, Montgomery and Sumbry may seek modification or rescission of this order, but not before two years have passed.

*Id.* at 957–58 (citations omitted).

Here, because Yates' history and abusive behavior was not as egregious as that of Montgomery and Sumbry, Yates will only be fined $100.00. In addition, he will be restricted from filing any civil action in this court except for a habeas corpus challenge to a new state court conviction. That is to say, if he is convicted of a crime other than the one for which he is currently incarcerated, he may file one timely, properly completed habeas corpus petition challenging the new state court conviction. Yates is cautioned that if he attempts to circumvent this or any other restriction order, he may be subjected to additional fines, sanctions, or restrictions.

Finally, pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the court must consider whether to grant a certificate of appealability. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). As previously explained, this Court

lacks jurisdiction to consider an unauthorized successive habeas corpus petition. Reasonable jurists would not debate this finding and this case does not deserve encouragement to proceed further. Therefore, a certificate of appealability will be denied.

For the foregoing reasons, the Court:

(1) DISMISSES this frivolous case for want of jurisdiction;

(2) DENIES the Motion for Leave to Proceed In Forma Pauperis [ECF No.2];

(3) DENIES a certificate of appealability;

(4) FINES Corey L. Yates $100.00;

(5) RESTRICTS Corey L. Yates from filing in any civil case except for a notice of appeal in this case or a habeas corpus challenge to a new state court conviction;

(6) DIRECTS the Clerk to return unfiled any papers filed in violation of this order;

(7) DIRECTS the Clerk to note on the docket of this case any attempted filings in violation of this order;

(8) ADMONISHES Corey L. Yates that if he attempts to circumvent this or any other restriction order, he may be further fined, sanctioned, or subjected to more severe restrictions.

(9) GRANTS Corey L. Yates leave to seek to remove this restriction after it has been in place for two years; and

(10) DIRECTS the Clerk to send a copy of this Order to the superintendent of the facility where Corey L. Yates is currently confined.

SO ORDERED on February 17, 2015.

    s/ Theresa L. Springmann  
THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT  
FORT WAYNE DIVISION